# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 3, 2010

Lyle W. Cayce
Clerk

No. 09-41024
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE ALBERTO SURA-VILLALTA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:09-CR-599-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jorge Alberto Sura-Villalta (Sura) appeals the 46-month within-guidelines sentence imposed in connection with his guilty-plea conviction for illegal reentry following deportation. Sura, citing *Kimbrough v. United States*, 552 U.S. 85 (2007), argues that his sentence is procedurally unreasonable because U.S.S.G. § 2L1.2 is not empirically based and is flawed. He also contends that the presumption of reasonableness should not be applied to his sentence because § 2L1.2 is not based on empirical data. Sura further argues that his sentence is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

substantively unreasonable because it is based on a conviction that occurred in 1995, the district court failed to consider questionable circumstances surrounding the 1995 rape conviction, and the court failed to consider his motives for returning to the United States.  In consideration of these factors, Sura asserts that his 46-month sentence is greater than necessary to accomplish the sentencing objectives of 18 U.S.C. § 3553(a) and contends that he should have been sentenced below the guidelines range.

In reviewing a sentence, this court first examines whether the district court committed any procedural errors, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-- including an explanation for any deviation from the Guidelines range." *Gall v. United States,* 552 U.S. 38, 51 (2007).

Sura's argument that this court should not accord his within-guidelines sentence a presumption of reasonableness because the applicable guideline is not supported by empirical data is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied,* 130 S. Ct. 378 (2009)*; United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).  Sura acknowledges this argument is foreclosed but raises the issue to preserve it for possible further review.

Sura's contention that his sentence is procedurally unreasonable because § 2L1.2 is not based on empirical data is without merit.  "Whatever appropriate deviations [*Kimbrough*] may permit or encourage at the discretion of the district judge, *Kimbrough* does not force district or appellate courts into a piece-by-piece analysis of the empirical grounding behind each part of the sentencing guidelines." *Duarte*, 569 F.3d at 530.  The district court's rejection of Sura's argument in this regard was not procedural error.

The substantive reasonableness of Sura's sentence is reviewed for abuse of discretion. *Gall*, 552 U.S. at 51. A sentence imposed within a properly calculated guidelines range is presumptively reasonable. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006)

Sura's argument that his sentence does not take into account questionable circumstances surrounding his prior rape conviction is without merit. The record shows that the district court listened to Sura's arguments but ultimately determined that a sentence within the guidelines range was appropriate. Sura's assertions regarding the age of his prior conviction and his motive for reentering the United States are insufficient to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Sura has not demonstrated that the district court's imposition of a sentence at the bottom of the guidelines range was an abuse of discretion.

The district court's judgment is AFFIRMED.